```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **UNITED NATIONAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-799** |
| **PAUL AND MARK'S INC. d/b/a STEPBROTHERS RESTAURANT AND BENJAMIN GENDUSA** | **SECTION: B(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff United National Insurance Company's ("United National") Motion for Summary Judgment and for Entry of Default Judgment (Rec. Doc. No. 14), Defendant Paul and Mark's, Inc. d/b/a Step Brothers Restaurant's ("Paul & Mark's) opposition memoranda (Rec. Doc. Nos. 15, 16), and Plaintiff's reply (Rec. Doc. No. 20).

For the following reasons, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment and for Entry of Default Judgment is **DENIED**.

United National filed the instant lawsuit seeking declaratory relief under 28 U.S.C. § 2201 against Defendants, Paul & Mark's and Benjamin Gendusa, on the grounds that the insurance policy issued by United National to Paul & Mark's does not provide coverage for the claims asserted in *Justin Holley, et al v. Sheriff Newell Normand, et al*, No. 08-5232 ("the underlying suit"), which is currently pending before this Court. Rec. Doc. No. 14-1, at 4.

The underlying suit was filed on December 29, 2008 by Justin Holley, Anson Holley, and Jason Boudreaux against several defendants, including Paul & Mark's, Benjamin Gendusa, Jefferson Parish Sheriff Newell Normand, and numerous Jefferson Parish Sheriff's deputies.  *See Justin Holley, et al v. Sheriff Newell Normand, et al*, No. 08-5232, Rec. Doc. No. 1.  In their Complaint, Plaintiffs allege that they were beaten and/or unlawfully arrested by employees of Paul & Mark's, including Benjamin Gendusa, and/or several Jefferson Parish Sheriff's deputies while they were guests/invitees of Step Brothers Bar & Grill.  *Id.*  Plaintiffs additionally seek damages from the Sheriff Defendants pursuant to 42 U.S.C. § 1983.  *Id.*

Specifically, Plaintiffs in the underlying lawsuit allege that on December 29, 2007, at approximately 4:00 a.m., personnel of Step Brothers Bar & Grill, including Benjamin Gendusa and Jefferson Parish Sheriff's Deputy James Wine, began shouting and swearing at Plaintiffs' party, ordering them to leave the establishment.  *Id.* at 3.  Plaintiffs allege that as one member of their party was leaving, he was tackled to the floor and subsequently arrested by Officer Wine.  *Id.* at 3-4.  Plaintiffs further assert that after another member of Plaintiffs' party, Plaintiff Justin Holley, made a comment about the unfairness of the arrest, he was then "grabbed by the bouncer, Benjamin Gendusa and/or Officer Wine, severely beaten in the face and body, handcuffed, beaten more while

2

handcuffed, and unlawfully placed under arrest." *Id.* at 4. The Complaint then alleges that as Plaintiff Jason Boudreaux was attempting to leave, he was "tackled from behind by Officer Boyington and/or other named or unknown officers, beaten, strangled, handcuffed, placed under arrest, and physically dragged back to the police cruiser." *Id.* Plaintiffs additionally claim that when Plaintiff Anson Holley attempted to return to his vehicle, "several officers, including Officer Boyington and other named and/or unknown officers, chased Anson, tackled him, slammed his face into the ground, beat him, kicked him repeatedly in the body, and placed him under arrest also." *Id.* at 5.

Plaintiffs set forth in their Complaint that the bar personnel assisted the defendant officers in using excessive force to unlawfully arrest Plaintiffs, acting "solely out of malice and intentional indifference" to Plaintiffs' rights. *Id.* Additionally, Plaintiffs claim that the defendant officers and bar personnel were negligent in failing to conduct any investigation into the facts and circumstances prior to attacking and arresting Plaintiffs and failing to adequately ensure the safety of bar patrons. *Id.* Plaintiffs further assert several theories of recovery against Benjamin Gendusa, independently, and Paul & Mark's, both directly and under the doctrine of *respondeat superior*, including claims of assault and battery, false imprisonment, and negligence. *Id.* at 8-10.

3

The underlying suit is currently stayed pending disposition of the criminal trial against Plaintiffs, which is set for Wednesday, April 27, 2011 in the First Parish Court for the Parish of Jefferson. *See* Rec. Doc. No. 29; *see also State v. Justin Holley, Anson Holley and Jason Boudreaux*, Case No. F-1738-341.

United National claims that the policy issued to Paul & Mark's contains an unambiguous "Assault and Battery" Exclusion Endorsement, which precludes coverage for any and all damages arising in whole or in part out of an assault and/or battery. Rec. Doc. No. 14-1, at 8. The exclusion states, in pertinent part:

> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" arising in whole or in part out of:
>
> (a) the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his "employees", patrons or any other person;
>
> (b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
>
> (c) the negligent:
>
> > (i)   employment;
> > (ii)  investigation;
> > (iii) supervision;
> > (iv)  training;
> > (v)   retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.

*Id.* at 13-14. United National contends that since it is undisputed that the injuries allegedly sustained by Plaintiffs in the

underlying lawsuit arose directly out of several alleged batteries, coverage for any purported liability on the part of Paul & Mark's or Benjamin Gendusa is clearly excluded.  *Id.* at 14.

Additionally, United National asserts that Defendant Benjamin Gendusa has not made an appearance nor have any pleadings been filed on his behalf in these proceedings.  *Id.* at 9.  As an Entry of Default was entered against Benjamin Gendusa on September 14, 2010, United National contends that the defendant is deemed to have admitted the allegations contained in the Complaint and that United National is entitled to a final default judgment against him.  *Id.* (*see* Rec. Doc. No. 13); Rec. Doc. No. 20, at 9.

Defendant Paul & Mark's contends that pursuant to Louisiana law, this Court must perform the "eight corners" analysis to determine if United National has a duty to defend the underlying claims.  Rec. Doc. No. 15, at 4-5.  Paul & Mark's asserts that because the underlying Complaint contains allegations that are not excluded by the policy, United National's Motion for Summary Judgment must be denied.  *Id.* at 5.  Specifically, Paul & Mark's notes that Plaintiffs' allegation that Benjamin Gendusa "began ordering all of the bar patrons to exit the premises" does not preclude coverage, and by stating that Plaintiffs were grabbed and beaten by the officers "and/or" Benjamin Gendusa, the Complaint fails to unambiguously allege assault and battery against Benjamin Gendusa.  *Id.* at 6.  Paul & Mark's additionally asserts that the

5

negligence claims included in the Complaint are not automatically precluded by the assault and battery exclusion of the policy. *Id.* Paul & Mark's claims that under well-established law, an insurer is required to defend the insured if there is at least one factual allegation in the petition under which coverage is not unambiguously excluded. *Id.* at 7. Paul & Mark's further argues that summary judgment is premature at this time, as very little factual discovery in the underlying suit has taken place and the case is currently stayed. *Id.* at 10. Paul & Mark's also opposes United National's Motion for Entry of a Default Judgment, arguing that such would create the risk of inconsistent judgments among the defendants. Rec. Doc. No. 16, at 3-4.

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate

that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.  *Id.*  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Motion for Summary Judgment**

Louisiana courts have consistently upheld assault and battery exclusions contained in insurance policies as not violative of public policy.[1]  Moreover, numerous courts have examined identical and substantially similar assault and battery exclusion provisions to the one at issue in this case and have routinely found them to be clear and unambiguous.[2]   It is additionally well-settled in this context that regardless of the theory of recovery asserted, when a plaintiff's injuries arise out of a battery, the exclusion

---

[1] *See generally Hickey v. Centenary Oyster House*, 719 So.2d 421 (La. 1998); *Ledbetter v. Concord General Corp.*, 665 So.2d 1166 (La. 1996); *Paul v. Montesino,* 535 So.2d 6 (La. App. 4 Cir. 1988); *Cortinez v. Handford*, 490 So.2d 626 (La. App. 2 Cir. 1986); *Gaspard v. Jefferson Ins. Co. of New York*, 488 So.2d 350 (La. App. 3 Cir. 1986); *Taylor v. Duplechain*, 469 So.2d 472 (La. App. 3 Cir. 1985); *Duplechain v. Turner*, 444 So.2d 13222 (La. App. 4 Cir. 1984); *Vascocu v. Singletary*, 434 So.2d 597 (La. App. 3 Cir. 1983); *Skinner v. Papania's*, 425 So.2d 318 (La. App. 3 Cir. 1982); *Monk v. Veillon*, 312 So.2d 377 (La. App. 3 Cir. 1975).

[2] *See e.g., Knight v. Aetna Life Ins. Co.*, 1993 WL 92506 (E.D.La. 1993) (Wicker, J.); *Proshee v. Shree, Inc.*, 893 So.2d 939 (La. App. 3 Cir. 2005); *Washington v. Spurlock*, 703 So.2d 1378 (La. App. 4 Cir. 1997); *Kiefer v. Whittaker*, 468 So.2d 587 (La. App. 4 Cir. 1985).

precludes coverage.[3]

Union National's Assault and Battery exclusion clearly excludes coverage for any injury that arose in whole or in part out of a battery caused not only by the insured or the insured's employees, but also by "any other person." *See* Rec. Doc. No. 14-8, Exhibit C, at 35. Accordingly, any argument raised by Paul & Mark's as to the ambiguity of whether Benjamin Gendusa or the Sheriff's Deputies actually committed the battery is irrelevant. *See also Maldondo v. Porter*, 694 So.2d 1001, 1003 (La. App. 5 Cir. 1997). It is additionally clear that the alleged conduct of the bar personnel and officers at issue falls within the definition provided by Louisiana courts of a battery. *See Landry v. Bellanger*, 851 So.2d 943, 949 (La. 2003); *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987) (defining battery as "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact..."). Therefore, any claim by Plaintiffs against Paul & Mark's and Benjamin Gendusa for

---

[3]*See Maise v. Cat's Meow, Inc.*, 683 So.2d 846, 847 (La. App. 4 Cir. 1996) (holding that irrespective of the fault alleged by plaintiff, whether negligence, intentional act or otherwise, there was no coverage where the plaintiff's injuries arose out of a battery); *Kiefer, supra*, at 588 ("Even if any negligence of the organization somehow led up to the assault, the injuries plaintiff suffered nevertheless arose out of an assault and battery. Therefore, there is no coverage in this instance either."); *Washington, supra*, at 1379 (finding that the assault and battery exclusion precluded coverage when a bar patron injured in cross-fire between the bar owner and unknown robbers asserted various negligence claims against the insured bar owner, the court stated, "[F]ollowing the clear and unambiguous language of the policy, respondent's injuries clearly arise out of a battery. Simply put the respondent was injured by a battery - no battery, no injuries.").

injuries that arose out of the alleged batteries committed, whether sounding in negligence or intentional acts, are excluded by the Assault and Battery provision.

However, the underlying Complaint additionally sets forth claims for unlawful arrest, and although such incidents allegedly occurred at nearly the same time as the alleged batteries, the purported wrongful arrests and resultant injuries did not unambiguously arise in whole or in part out of the alleged batteries. *See Justin Holley, et al v. Sheriff Newell Normand, et al*, No. 08-5232, Rec. Doc. No. 1, at ¶¶ 13, 23; *see also Ledbetter v. Concord General Corp.*, 665 So.2d 1166, at 1170-71 (La. 1996); *West v. City of Ville Platte*, 237 So.2d 730 (La. App. 3 Cir. 1970). Thus, any claim against Paul & Mark's and Benjamin Gendusa for damages resulting solely from the alleged unlawful arrests, regardless of the theory of recovery asserted, are not automatically excluded by the Assault and Battery exclusion of United National's policy. *See id.* Moreover, under well-established Louisiana law, an insurer has a duty to defend a suit against its insured unless it is clear from the petition that the policy unambiguously excludes coverage, i.e., the duty to defend exists if the pleadings disclose even a possibility of liability under the policy. *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 873 (5th Cir. 2009); *Elliot v. Cont'l Cas. Co.*, 949 So.2d 1247, 1250 (La. 2007); *Yount v. Maisano*, 627 So.2d 148, 153 (La.

1993); *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987). Accordingly, United National's Motion for Summary Judgment seeking a ruling from this Court that there is no coverage for the claims asserted in the underlying litigation nor duty to defend same must, at this time, be **DENIED.**

**C.   Motion for Entry of Final Default Judgment**

Entry of default judgment lies within the discretion of the district court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Even when a defendant is technically in default, a party is not entitled to a default judgment as a matter of right. *Lewis, supra*, at 767 (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Indeed, several courts in this district have found default judgments to be improper in multi-defendant cases where the entry of a default judgment against one defendant could result in inconsistent judgments among the defendants.[4]

---

[4]*See General Electrical Capital Corp. v. Arnoult*, 2002 WL 32856 (E.D.La. 2002) ("If the possibility exists that entry of default judgment against one defendant risks unavoidable inconsistency with a later judgment concerning the other defendants in the action, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants."); *Mason v. North American Life and Cas. Co.*, 1995 WL 683880 (E.D.La. 1995) ("The Court declines to enter judgment against a defaulting defendant when such a judgment would require resolution of issues of law to the detriment of a defendant who has answered but has not been heard on the merits."); *First National Bank of Louisville v. Lustig*, 1992 WL 110539 (E.D.La. 1992) (citing Wright, Miller, & Kane, *Federal Practice and Procedure* § 2690 (2d ed. 1983)) ("As a general rule, when one of several defendants who is alleged to be jointly liable defaults, judgments should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.  To rule otherwise could result in inconsistent judgments."); *See also Frow v. De La Vega*, 82 U.S. 552 (1872).

Here, United National seeks a declaration that there is no coverage nor duty to defend the claims in the underlying litigation. Entering a final default judgment against Benjamin Gendusa would therefore result in inconsistent rulings and risk inconsistent judgments among the defendants. Accordingly, United National's Motion for Entry of Default Judgment is **DENIED.**

New Orleans, Louisiana, this 3rd day of February, 2011.

UNITED STATES DISTRICT JUDGE