```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **UNITED NATIONAL**<br>**INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-799** |
| **PAUL AND MARK'S INC. d/b/a**<br>**STEPBROTHERS RESTAURANT**<br>**AND BENJAMIN GENDUSA** | **SECTION: B(1)** |

                        ORDER AND REASONS

Plaintiff United National Insurance Company's ("United National") Motion for New Trial or, Alternatively, Motion for Reconsideration and/or Relief from Judgment (Rec. Doc. No. 27), opposed by Defendant Paul and Mark's, Inc. d/b/a Step Brothers Restaurant ("Paul & Mark's) (Rec. Doc. No. 31), is **DENIED**.

**A.    Standard of Review:**

The Federal Rules of Civil Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. *See Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 383 (5th Cir. 1998). In order to be timely filed, a Rule 59(e) motion must be filed within twenty-eight days of the judgment or order of which the party complains. Fed.R.Civ.P. 59(e). Otherwise, a motion for reconsideration will be considered as a Rule 60(b) motion. *Freeman v. County of Bexar*, 142 F.3d 848, n.7 (5th Cir. 1998). It is

                                1

undisputed that United National filed its motion for reconsideration within twenty-eight days of the date on which this Court issued its denial of United National's Motion for Summary Judgment (Rec. Doc. No. 23). Therefore, United National's motion should be considered a Rule 59(e) motion to alter or amend.

There are generally four grounds upon which a court may alter or amend its ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure: (1) if the judgment is based upon manifest errors of law or fact; (2) upon the existence of newly discovered or previously unavailable evidence; (3) if manifest injustice will result; or (4) if an intervening change in controlling law has occurred.  *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 ("Wright & Miller"); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). United National asserts that this Court's denial of United National's Motion for Summary Judgment "results in a manifest error of law and fact, and should also be amended to avoid a manifest injustice." Rec. Doc. No. 34 at 2.

**B.   Manifest Error of Law:**

United National first asserts that "this Court's finding that the underlying complaint alleges facts giving rise to an independent false imprisonment claim sufficient to trigger a duty to defend was manifestly erroneous." Rec. Doc. No. 34 at 2. As a part of this argument, United National asserts that the duty to

defend is determined by Louisiana's fact pleading requirements and that only factual allegations can trigger a duty to defend. *Id.* at 4-5.  On the other hand, Paul & Mark's asserts that, because the underlying Complaint was filed in federal court, Louisiana's rules requiring fact pleading do not apply. Rec. Doc. No. 31 at 4.  The issue presented by the parties' briefs is whether there is a heightened pleading standard in duty to defend cases filed in federal court.  Plaintiffs Justin Holley, Anson Holley, and Jason Boudreaux filed the underlying suit in federal district court, where the notice pleading standard of the Federal Rules of Civil Procedure governed the Complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  However, in duty to defend cases governed by Louisiana law, courts employ the "eight corners" rule, comparing the allegations in the complaint to the insurance policy and its exclusions to determine whether coverage is unambiguously excluded. See, e.g., *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213 (La. 1994); *Yount v. Maisano,* 627 So.2d 148 (La. 1993); *American Home Assur. Co. v. Czarniecki*, 230 So.2d 253 (La. 1969).  Here, this Court does not need to reach this issue, however, because the Complaint in the underlying suit contains sufficient factual allegations to trigger a duty to defend, even under the fact pleading standard of the Louisiana Code of Civil Procedure.

"The duty to defend analysis begins with an examination of

whether any of the facts pleaded in the complaint possibly fall within matters covered under the insuring clause. The insured bears the burden on this point." *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) (citing *Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La. 2000)). If claims potentially covered under the insuring clause are pled, the insurer then has the burden of proving that the complaint states only facts that unambiguously fall within an exclusion from coverage. *Id.* The duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy." *Steptore*, 643 So.2d at 1218.

Here, United National contends that "there are no allegations against Paul & Mark's and/or Benjamin Gendusa that would give rise to an independent false imprisonment or wrongful arrest claim distinct from the battery claims." Rec. Doc. No. 34 at 2. However, incidents similar to those alleged in the underlying Complaint have given rise to wrongful arrest claims under Louisiana tort law.[1] Here, the factual allegations in the underlying Complaint that relate to wrongful arrest, independent of the

---

[1] *See Pearson v. Great Southern Lumber Co.*, 63 So. 759 (La. 1913) (a wrongful arrest, without a sufficient inquiry, for a misdemeanor not committed in the presence of the officer rendered the corporation responsible for the arrest liable); *Arellano v. Henley*, 357 So. 2d 846 (La. App. 4 Cir. 1978) (alleging fault on the part of the defendant in causing the plaintiffs' false arrest by police officers); *Hughes v. Gulf Intern.*, 593 So.2d 776 (La. App. 4 Cir. 1992) (claim that defendants caused plaintiff to be wrongly arrested); *Adams v. Harrah's Bossier City Investment Co., LLC*, 948 So.2d 317 (La. App. 2 Cir. 2007) (claim that defendant's actions caused plaintiff's false arrest because the subsequent police investigation was not independent).

4

alleged batteries, could give rise to wrongful arrest claims under Louisiana tort law.  *See Justin Holley, et al v. Sheriff Newell Normand, et al*, No. 08-5232, Rec. Doc. No. 1, at ¶¶ 12, 13, 23. Therefore, as the underlying Complaint discloses a possibility of liability under United National's policy, United National has not met its burden of proving that the Complaint states only facts that unambiguously fall within an exclusion from coverage, and the underlying Complaint sufficiently triggers a duty to defend.

**C.   Manifest Injustice:**

United National asserts that "this Court's ruling will result in a manifest injustice to the very purpose behind assault and battery exclusions, namely to allow bar owners, nightclubs, restaurants and similar businesses to obtain liability insurance." Rec. Doc. No. 34 at 3.  However, United National's assertion assumes that the factual allegations in the underlying Complaint giving rise to wrongful arrest claims are indistinguishable from the alleged facts giving rise to assault and battery claims.  As discussed above, the claims in the underlying Complaint that are not unambiguously excluded by the Assault and Battery Exclusion Endorsement in Paul & Mark's liability policy arise independently of the alleged assault and battery.  Therefore, insurers may still rely on assault and battery exclusions to exclude from coverage such acts that liability insurance policies were not designed to cover.

5

**D.   Default Judgment:**

United National does not contest this Court's ruling that entering a final default judgment against Gendusa is inappropriate because it would result in inconsistent rulings and risk inconsistent judgments among the defendants.  *See* Rec. Doc. No. 23 at 11.

**E.   Conclusion:**

Based on the foregoing, **IT IS ORDERED** that United National's Motion for New Trial or, Alternatively, Motion for Reconsideration and/or Relief from Judgment (Rec. Doc. No. 27) is **DENIED**.

New Orleans, Louisiana, this 11th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE